**Buford W. GOWEN, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–796.**

United States Court of Veterans Appeals.

Sept. 29, 1992.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The appellant, World War II U.S. Navy veteran Buford W. Gowen, appeals from an April 30, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying service-connected disability compensation for a lung disorder, claimed as a residual of asbestos exposure, and for polyarthritis and sinusitis, claimed to have been caused by the lung disorder. *Buford W. Gowen,* BVA 91–13882 (Apr. 30, 1991). The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990). Because the Court finds that the veteran did not submit new and material evidence to reopen his claim, the Board's decision will be affirmed.

The veteran's claim for service connection of his lung disorder (diagnosed at various times as pulmonary fibrosis, R. at 23, and asbestosis, R. at 68) claimed as a residual of asbestos exposure was denied by prior final Board decisions in August 1982, May 1986, and May 1988. R. at 21, 26, 36; *see* 38 U.S.C. § 7104(b) (formerly § 4004) (establishing conditional finality of BVA decisions). The veteran has testified under oath that he was required to wear a complete asbestos firefighting suit approximately weekly for up to four hours each time during his fourteen-and-one-half months of naval service, and has asserted that this caused or aggravated his lung disorder. R. at 31, 92, 95. In a 1985 statement, the Department of the Navy stated that the veteran's service records indicate that he was assigned to the U.S.S. Salerno Bay as a seaman, and that there was no way to determine whether or not he actually was exposed to asbestos in service, but that specifications for ships at that time required valves, piping, and other ship equipment to be covered with heat-insulating material, and, therefore, it was probable that he was exposed to some type of

asbestos product during his naval service. R. at 31.

▮ Pursuant to 38 U.S.C. § 5108 (formerly § 3008), a previously and finally disallowed claim must be reopened by the Secretary when "new and material evidence" is presented or secured with respect to that claim. *See* 38 U.S.C. § 7104(b). On claims to reopen previously and finally disallowed claims, the BVA must conduct a two-step analysis. *See Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). First, it must determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". If it is, the Board must then review the new evidence "in the context of" the old to determine whether the prior disposition of the claim should be altered. *See Jones (McArthur) v. Derwinski*, 1 Vet.App. 210, 215 (1991).

In its April 30, 1991, decision, the BVA concluded:

> Evidence submitted since the prior [BVA] decisions denying service connection for a lung disorder as a residual of exposure to asbestos during service is new and material, but it does not establish a new factual basis which supports the conclusion that a lung disorder, claimed as residuals of exposure to asbestos during service, was incurred or aggravated by active duty.

*Gowen*, BVA 91–13882, at 5. The determination as to whether evidence is "new and material" is a conclusion of law which this Court reviews de novo under 38 U.S.C. § 7261(a)(1) (formerly § 4061). *See Masors v. Derwinski*, 2 Vet.App. 181, 185 (1992); *Jones*, 1 Vet.App. at 213; *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). Evidence is new if it is not "merely cumulative" of evidence already in the record. *Colvin, supra.* Evidence is "material" if it is "relevant and probative" and there is "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Masors, supra; Godwin v. Derwinski*, 1 Vet.App. 419, 424 (1991); *Colvin, supra.*

In its prior final decision in May 1988, the Board noted that the evidence demonstrated that the veteran had received treatment for a history of asbestos exposure and chronic asbestosis. R. at 43. The Board also noted that the veteran had received "significant asbestos exposure" prior to service while working for an asbestos manufacturer and was being compensated by the manufacturer for his asbestos exposure. R. at 43. Furthermore, the veteran had testified under oath in 1984 and 1987 at personal hearings before the Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) that he had been exposed to asbestos in service and that he had contracted a lung disorder as a result of that exposure. R. at 31, 38. In considering that sworn testimony in connection with its 1986 and 1988 decisions, the Board had concluded that, despite the evidence of asbestos exposure in service and of a current asbestos-related condition, there was no evidence to demonstrate that the current condition was related to any in-service exposure. R. at 33–34, 43–44.

▮ The Court holds that the veteran has not submitted new and material evidence. The evidence submitted by the veteran since the most recent final denial of his claim by the RO in May 1988 consists of records of medical treatment from 1987 through 1990 reflecting that the veteran currently suffers from a lung disorder resulting from asbestos exposure (R. at 52–90), and the veteran's June 1990 sworn testimony before the RO, describing his in-service asbestos exposure (R. at 91–99). This evidence is cumulative of evidence in the record at the time of the May 1988 BVA decision and, hence, may not be considered "new". *See Colvin, supra;* 38 C.F.R. § 3.156 (1991).

▮ Of the evidence submitted since the prior final BVA decision, only the veteran's sworn testimony suggests that the current asbestosis is causally related to in-service asbestos exposure. R. at 95. Because the diagnosis of the causative factors of a disease is a medical matter, a lay person's testimony as to the cause of his or her condition is not competent evidence of causation. *See Espiritu v. Derwinski*, 2 Vet. App. 492, 494 (1992). Although the veteran is competent to testify as to the facts of his

asbestos exposure, he may not testify as to the medical results of such exposure. Therefore, because the veteran has submitted no competent evidence, such as a physician's opinion, which tends to establish a causal connection between in-service asbestos exposure and current asbestosis, and because the record contains substantial evidence of pre-service exposure to asbestos which has been causally linked with the veteran's asbestosis, the recently submitted evidence is also not "material", since it does not create a reasonable possibility of changing the outcome of the prior decision. *See Colvin, supra.*

Since there was no new and material evidence, the veteran's claim should not have been reopened, and any error attendant on the BVA's denial of the claim in April 1991 was harmless error. *See* 38 U.S.C. § 7261(b) (formerly § 4061); *Kehoskie v. Derwinski,* 2 Vet.App. 31, 34 (1991); *Godwin,* 1 Vet.App. at 425 (1991); *Thompson v. Derwinski,* 1 Vet.App. 251, 254 (1991).

 In his brief, the appellant asserts that the Board erred in failing to provide, pursuant to the statutory duty to assist VA claimants (38 U.S.C. § 5107(a) (formerly § 3007)), a new physical examination by an independent medical expert for purposes of providing an opinion as to whether there was a causal relationship between the veteran's claimed in-service asbestos exposure and his current asbestosis. When a claimant submits a well-grounded claim, here a well-grounded claim to reopen, the Board is required to assist the claimant in developing the facts pertinent to that claim. *See Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990) (well-grounded claim is a "plausible" claim). As to well-grounded claims to reopen previously and finally denied claims where new and material evidence is not presented, the Court has found a statutory duty to assist in two circumstances: First, where the claimant has specifically requested certain assistance (private medical records) which might help to substantiate his claim (*see White v. Derwinski,* 1 Vet.App. 519, 520–21 (1991) (VA has "duty to help the veteran obtain facts that might enable him to *sustain* his burden of proof or develop the facts of his claim", *id.* at 521); 38

C.F.R. § 3.159 (1991)); and, second, where the evidence before the Board raised sufficient notice of pertinent records (again, private medical records) which may constitute new and material evidence sufficient to justify reopening a prior claim (*see Ivey v. Derwinski,* 2 Vet.App. 320, 323 (1992); *id.* at 325–30 (concurring opinion of Steinberg, J.)). Neither situation is presented in this case. The veteran did not specifically request the BVA or VA to provide an examination (he requested an examination, for the first time, on appeal here); nor did the evidence before the Board indicate the existence of any pertinent evidence which would trigger the duty to assist. Therefore, the Board breached no duty to assist by failing to provide the veteran with a physical examination.

With regard to the veteran's new claims for service connection for polyarthritis and sinusitis, the Board concluded that there was no evidence establishing a causal relationship between those conditions and the veteran's service. The Court holds that because there is a plausible basis in the record for the BVA's conclusions they are not subject to reversal as clearly erroneous findings of fact. *See Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990) (pursuant to 38 U.S.C. § 7261(a)(4) (formerly § 4061), the Court reviews BVA factfinding under a "clearly erroneous" standard; "if there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, we cannot overturn them").

Upon consideration of the record, the Secretary's motion for summary affirmance, and the appellant's brief, the Court holds that the appellant has not demonstrated that the BVA committed prejudicial error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C. §§ 7252 (formerly § 4052), 5107(b) (formerly § 3007), 7104(d)(1) (formerly § 4004), 7261 and the analysis in *Gilbert, supra.* The Court grants the Secretary's motion

for summary affirmance and affirms the April 30, 1991, BVA decision.

AFFIRMED.