**David J. GROSSMAN, Appellant,**

**v.**

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 91–1161.**

United States Court of Veterans Appeals.

Nov. 9, 1992.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge.

 The pro se appellant, World War II veteran David J. Grossman, appeals from a March 28, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying service-connected disability compensation for a chronic back disorder. The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance. Sum-

mary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990). Because the Department of Veterans Affairs (formerly Veterans' Administration) (VA) breached its statutory duty to assist the veteran, the Court will deny the Secretary's motion, vacate the BVA decision, and remand the matter for further development and readjudication.

 Pursuant to 38 U.S.C. § 5108 (formerly § 3008), the Secretary must reopen a previously and finally disallowed claim when "new and material evidence" is presented or secured with respect to that claim. Evidence is new and material only if not cumulative and if it is "relevant and probative" and there is "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). The determination as to whether evidence is "new and material" is a conclusion of law which this Court reviews de novo under 38 U.S.C. § 7261(a)(1) (formerly § 4061). *See Masors v. Derwinski,* 2 Vet. App. 181, 185 (1992); *Jones (McArthur) v. Derwinski,* 1 Vet.App. 210, 213 (1991); *Colvin, supra.*

 The veteran's claim for service connection for his back disorder was denied by a prior final Board decision on August 8, 1985. R. at 407. In that decision, the Board found that the veteran had established no connection between his current back disorder and his military service. R. at 411. In 1989, the veteran attempted to reopen his claim for service connection for his back condition, submitting new evidence that concerned his current back disorder (R. at 427–28) and the dates of recognized service (R. at 418–19, 424–25). Because none of the evidence related to whether he had incurred a back injury in service or within the one-year presumption period, the evidence submitted was not pro-

bative. Consequently, the Court holds that the appellant failed to submit new and material evidence. The veteran's failure to submit new and material evidence, however, does not release VA from its statutory duty to assist the veteran.

■ Pursuant to 38 U.S.C. § 5107(a) (formerly § 3007), the Secretary "shall assist [a claimant] in the developing the facts pertinent to" his or her well-grounded claim. *See* 38 C.F.R. § 3.159(b) (1991). As to well-grounded claims to reopen previously and finally denied claims where new and material evidence is not presented, the Court has found a statutory duty to assist in two circumstances: First, where the claimant has specifically requested certain assistance (private medical records) which might help to substantiate his claim (*see White v. Derwinski,* 1 Vet.App. 519, 520–21 (1991) (VA has "duty to help the veteran obtain facts that might enable him to *sustain* his burden of proof or develop the facts of his claim", *id.* at 521); 38 C.F.R. § 3.159 (1991)); and, second, where the evidence before the Board raised sufficient notice of pertinent records (again, private medical records) which may constitute new and material evidence sufficient to justify reopening a prior claim (*see Ivey v. Derwinski,* 2 Vet.App. 320, 323 (1992); *id.* at 325–30 (Steinberg, J., concurring)); *see also Gowen v. Derwinski,* 3 Vet.App. 286, 289–90, (1992) (memorandum decision).

The veteran raised allegations that place him in the second category of claimants. In his January 26, 1989, statement in support of the claim, he contended that VA hospitals in Brooklyn and Manhattan had treated him for his back condition after his discharge from the service in 1947 and that VA hospitals in Tucson and Phoenix had treated him for back problems after he relocated to Arizona. R. at 414. In his September 23, 1991, "Counter Designation", his informal brief, and his December 21, 1991, reply to the Secretary's motion for summary affirmance, the veteran also asserted that the medical records and statements of private physicians relating to service connection for his spinal problems had disappeared from his VA records.

In response to the veteran's assertions, the Court on July 29, 1992, ordered the Secretary to supply the Court with copies of all requests for treatment records relating to the veteran's back disorder from VA hospitals, medical centers, and regional offices [ROs] in Brooklyn, Manhattan, Tucson, and Phoenix. The Court also ordered the Secretary to inform the Court as to what efforts he had made to obtain such records in connection with the prior and current claims for VA benefits. In his response to the Court order, the Secretary indicated that VA had "made no specific requests [to the four] medical facilities for treatment records relating to the veteran's back disorder in connection with Appellant's prior and current claims for service connection for that condition". Appellee's Response to Court Order at 1. The Secretary indicated that VA had made no such requests because "there was already sufficient evidence of record to establish that Appellant was not treated for a back disorder until many years after service". Response at 2. The Secretary reasoned that the 1958 Brooklyn and Manhattan VA hospital summaries detailed no complaints of or treatment for a back disorder (R. at 329–38), and that the April 16, 1958, Brooklyn report and the March 20, 1958, Manhattan report both related to the veteran's "first" admission to those facilities (R. at 333, 337). However, although the 1958 Manhattan and Brooklyn hospital reports did show that the veteran had received no previous in-patient treatment, they do not preclude the possibility that he had received outpatient treatment for a back disorder before 1958.

■ The Secretary further contended that "even if the [veteran] could show that he had received outpatient treatment for his back between [discharge from service] and 1958, he still would not be able to show the continuity of symptomatology necessary to establish entitlement to service connection for his current back disorder." Response at 3. The Court disagrees as to the necessity for continuity. "Continuity of symptomatology is required only where the condition noted during service (or in the

[presumption] period) is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned." 38 C.F.R. § 3.303(b) (1991). Therefore, if earlier outpatient reports diagnose a chronic back disorder and if that disorder relates to his current disorder, the veteran could possibly establish service connection for a back disorder. Consequently, the reports could plausibly be new and material (*see Colvin, supra*) and VA has a duty to assist the veteran in trying to secure them. *See Godwin v. Derwinski*, 1 Vet.App. 419, 425, 427 (1991). The Court, therefore, remands the record for the Board to request any records, private or VA, that relate to treatment for the veteran's back from VA hospitals, clinics, and ROs in Brooklyn, Manhattan, Phoenix, and Tucson.

■ The veteran, in his pleadings filed in the Court, has also referred to a claim for a clothing allowance because of a knee brace on his left knee, and to a "malpractice" claim relating to the aftermath of surgery apparently performed at a VA medical facility, *see* 38 U.S.C. § 1151 (formerly § 351); *Gardner v. Derwinski*, 1 Vet.App. 584 (1991). Any such claims must first be submitted to the VA and be resolved in a final BVA decision before they may be the subject of an appeal to this Court. 38 U.S.C. §§ 7252(a), 7266 (formerly § 4052, 4066); *see Harris v. Derwinski*, 1 Vet.App. 180, 182–83 (1991).

Upon review of the record, the appellant's informal brief, the Secretary's motion for summary affirmance, the appellant's reply to the Secretary's motion, and the Secretary's response to the Court's order, the Court vacates the March 28, 1991, BVA decision and remands the record for prompt fulfillment of the statutory duty to assist and readjudication, in accordance with this decision, on the basis of all the evidence and material of record and all applicable law and regulation. *See* 38 U.S.C. §§ 5107(a), 5108, 7104(a), 7104(d)(1) (formerly § 4004); *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). The Court retains jurisdiction. The Secretary shall file with the Clerk (as well as serve upon the appellant) a copy of any Board decision on remand. Within 15 days after such filing of a final Board decision, the appellant shall notify the Clerk whether he desires to seek further review by the Court.

VACATED AND REMANDED.