Frank E. WHITE, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–720.

United States Court of Veterans Appeals.

Argued Sept. 19, 1991.

Decided Oct. 17, 1991.

Diane Boyd Rauber, with whom Ruth Eisenberg and Gershon M. Ratner, Washington, D.C., were on the brief, for appellant.

Adam Llewellyn, with whom Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and David W. Engel, Washington, D.C., were on the brief, for appellee.

Before FARLEY, MANKIN and HOLDAWAY, Associate Judges.

HOLDAWAY, Associate Judge:

The appellant, Frank E. White, appeals an April 11, 1990, Board of Veterans' Appeals (Board or BVA) decision which de-

clined to reopen his case because it found that evidence submitted by the appellant was not "new and material" under 38 U.S.C. § 5108 (formerly § 3008). On appeal to this Court, the appellant argues that the Secretary of Veterans Affairs (Secretary) breached the statutory "duty to assist" under 38 U.S.C. § 5107(a) (formerly § 3007(a)), by not helping the appellant obtain the medical records requested. We hold that the appellant was entitled to have the Secretary assist him in obtaining the records sought, and, if they are found to be "new and material," to have his claim reopened and readjudicated under 38 U.S.C. § 5108.

## FACTS

Appellant served on active duty with the Army from 1956 until 1958. He filed his initial claim for service-connected disability in 1987. In this claim he asserted that he received injuries from a motor vehicle accident while driving a military vehicle in 1957 and that these injuries had resulted in his present disability. He further stated that his feet were frozen during his military service and that he was still suffering residual disability as a result. Attempts to obtain his service records, including medical records, if any, were unavailing as the records from this period of time were lost in a fire. Thus, apart from his own rather detailed statement, the only other evidence as to the motor vehicle accident was a traffic accident report which did, indeed, show his involvement in an accident while on active duty. This report was silent as to injuries received, if any. As to his claim for residuals of "frostbite" or "frozen feet" suffered during service, the record contains a statement from a fellow serviceman attesting to the cold weather conditions of the appellant's service, and recent medical records indicating the appellant suffers from phlebitis, vascular insufficiency of the lower extremities, and diffuse peripheral vascular disease. The record also contains a letter from a physician which states that the appellant suffers from frostbite and vascular damage, and that medication and lotion would help the condition. These records are silent as to whether the claimed frostbite occurred in service or at some other time.

Appellant's initial claim was denied and the denial was affirmed in a BVA decision issued in March 1989. *Frank E. White,* BVA 89–_____ (Mar. 1, 1989). In that decision, the BVA, while finding the evidence insufficient to sustain the claim did note, correctly, that it would be "possible to establish service connection in the absence of [service medical] records with post service medical records" assuming, of course, that those records established the necessary connection between the putative disabilities and the appellant's military service. Appellant then re-filed his claim and attached several VA 21–4142 "Authorization for Release of Information" forms asking the Secretary to obtain for him certain private medical records from civilian doctors and hospitals. He alleged these reports would provide him with the necessary evidence to support his claim. These requests were specific as to dates, names, and addresses. No action was apparently taken on these requests. Rather, the claim was adjudicated and denied on the basis that "new and material" evidence had not been submitted under 38 U.S.C. § 5108. *See Frank E. White,* BVA 90–09108, at 4 (Apr. 11, 1990). The issue presented to us on appeal, a very narrow one, is whether the case should be remanded and the Secretary ordered to assist the appellant to obtain these records in accordance with the statutory and regulatory "duty to assist." 38 U.S.C. § 5107(a); 38 C.F.R. § 3.159(a) (1991). We hold that, in the context of this case, there is a "duty to assist" and that the case should be remanded; such records described by the appellant that can be found should then be considered to determine whether there is "new and material" evidence sufficient to justify reopening the appellant's claim. 38 U.S.C. § 5108; *see also Manio v. Derwinski,* 1 Vet.App. 140 (1991), and *Colvin v. Derwinski,* 1 Vet. App. 171 (1991).

## ANALYSIS

The "duty to assist" arises when a well-grounded claim is filed. 38 U.S.C.

§ 5107(a); 38 C.F.R. § 3.159(a); *Murphy v. Derwinski*, 1 Vet.App. 78, 82 (1990). The statute, 38 U.S.C. § 5107(a), does not explicitly require the Secretary to assist a veteran in obtaining private records. The regulation, 38 C.F.R. § 3.159(b) (1991), is broader than the statute, and does require the Secretary to help the veteran obtain private records.

■ The regulation states in pertinent part:

At the claimant's request, and provided that he or she has authorized the release of such evidence in a form acceptable to the custodian thereof, the Department of Veterans Affairs shall assist a claimant by attempting to obtain records maintained by State or local governmental authorities and medical, employment, or other non-government records which are pertinent and specific to the claim.

38 C.F.R. § 3.159(b). The regulation became effective on January 22, 1991, after the appellant had filed his initial claim. *See* 55 Fed.Reg. 52,273 (1990). Under the doctrine stated in *Karnas v. Derwinski*, 1 Vet.App. 308 (1991), we hold that the regulation applies to the appellant here. Where the law or regulation changes after a claim has been filed or reopened but before the administrative or judicial appeal process has been concluded, the version most favorable to appellant generally applies. *Karnas*, at 312.

■ The only requirement needed to obtain the Secretary's assistance is that a veteran's claim be well-grounded. 38 U.S.C. § 5107(a); *Murphy*, at 82 (the "duty to assist" arises after a veteran has submitted a well-grounded claim). It should be noted that the "duty to assist" does not shift the burden of proof or relieve a veteran from having to submit a well-grounded claim. 38 U.S.C. § 5107(b) (formerly § 3007(b)). It is, rather, a duty to help the veteran obtain facts that might enable him to *sustain* his burden of proof or develop the facts of his claim, once he has submitted a well-grounded claim. As conceded by the Secretary in oral argument and as stated in *Murphy*, the threshold as to whether a claim is well-grounded is rather

low: "a plausible claim, one which is meritorious on its own or capable of substantiation. Such a claim need not be conclusive but only possible to satisfy the initial burden...." *Murphy*, at 81.

■ Turning to the facts of this case, it is evident that the appellant did file a well-grounded claim. Appellant's own statement, the statement of his fellow serviceman, the extant medical reports and the traffic report are sufficient to constitute a well-grounded claim. He alleged facts (that is, a "claim") that *if substantiated* would result in a compensable claim; this is, in our view, sufficient. Having done so he was entitled, in accordance with the statutory, regulatory and case law cited, to have the Secretary assist him in obtaining his putative evidence. 38 U.S.C. § 5107(a); 38 C.F.R. § 3.159(a); *Murphy*, at 81. Moreover, as we said in *Moore v. Derwinski*, 1 Vet.App. 401, 406 (1991), "the Secretary's duty to assist ... was particularly great in light of the unavailability of the veteran's exit examination and full Army medical records...."

The case is REMANDED to the Board, which is directed to have the appropriate action taken to comply with the "duty to assist." If records are obtained, and if the Board finds they constitute "new and material" evidence, the case should be reopened and readjudicated. 38 U.S.C. § 5108; 38 C.F.R. § 3.156(a) (1990); *see also Manio*, at 146, and *Colvin*, at 174. If the specified records cannot be obtained, in whole or in part, the veteran should be so notified as is required by 38 C.F.R. § 3.159(c) (1991).