Ferd M. LEAP, Jr., Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–500.

United States Court of Veterans Appeals.

May 12, 1992.

Before STEINBERG, Associate Judge.

ORDER

STEINBERG, Associate Judge:

Appellant appeals from a February 9, 1990, decision of the Board of Veterans'

Appeals (BVA or Board) denying him an increased service-connected disability rating for chronic obstructive pulmonary disease, currently rated at 60% disabling. *Ferd M. Leap, Jr.,* BVA 90–04027 (Feb. 9, 1990). Appellant claims the Board erred in failing to assign him a 100% service-connected disability rating and in failing to obtain records of medical tests conducted in September 1989, which appellant specifically requested the Department of Veterans Affairs (VA) to obtain. On July 21, 1991, appellant, proceeding pro se, filed an informal brief in this Court, along with additional medical records which he apparently seeks to have added to the record on appeal. On October 31, 1991, the Secretary of Veterans Affairs (Secretary) filed a motion to strike the additional medical records on the ground that they were not a part of the record before the BVA, and a motion for summary affirmance and acceptance of that motion in lieu of a brief.

■ In addition to his claim for an increased rating for his service-connected pulmonary disease, appellant stated a claim, in his submissions to VA, for a total service-connected disability rating due to unemployability. R. at 92. The record contains a June 6, 1989, statement from a VA physician stating an opinion that the veteran's pulmonary disease precludes him from being employed. R. at 64. In its February 9, 1990, decision, the BVA did not address the veteran's claim for a total service-connected rating based on unemployability. *See* 38 C.F.R. § 4.16(a) (1991). The BVA is required to review all well-grounded claims reasonably raised by a claimant's submissions prior to its decision. *EF v. Derwinski,* 1 Vet.App. 324, 326 (1991); *Mingo v. Derwinski,* 2 Vet.App. 51, 54 (1992).

In a September 18, 1989, letter to the VA Regional Office (RO), appellant requested that the RO obtain records of a "stress mugs test" taken at Ohio State University on September 11, 1989. R. at 92. In its February 9, 1990, decision, the BVA noted appellant's requests, but stated: "[A] report of pulmonary function tests performed at Ohio State University in May 1989 is already of record, and the veteran was afforded a VA examination in July 1989, and pulmonary function tests were performed at that time. The evidence already of record contains detailed clinical findings, as well as the veteran's specific complaints, and is adequate for rating the veteran's service-connected pulmonary disorder." *Leap,* BVA 90–04027, at 5.

■ VA's statutory duty to assist includes the duty to obtain pertinent medical records, especially those specifically requested by a claimant. *Schafrath v. Derwinski,* 1 Vet.App. 589, 593 (1991); *Littke v. Derwinski,* 1 Vet.App. 90, 92 (1990). Indeed, VA regulations require it to seek to obtain requested non-Federal-record evidence which is "pertinent and specific to the claim". 38 C.F.R. § 3.159(b) (1991); *see White v. Derwinski,* 1 Vet.App. 519, 521 (1991). There is no question that the records requested by appellant are "pertinent" to the claim since, as this Court has held, VA regulations require that "each disability be viewed in relation to its history", and that examination reports be interpreted "in light of the whole recorded history". 38 C.F.R. §§ 4.1, 4.2 (1991); *Schafrath,* 1 Vet.App. at 594. Therefore, the BVA should have sought to obtain the records requested by appellant. However, this Court may not consider any of the records submitted by appellant which were not a part of the record "before the Secretary and the Board." 38 U.S.C. § 7252(b) (formerly § 4052); *Rogozinski v. Derwinski,* 1 Vet.App. 19, 20 (1990). Such evidence must first be before the RO or the BVA.

The Court holds that summary disposition is appropriate in this case because the issues are "of relative simplicity" and the outcome is controlled by our precedents and is "not reasonably debatable". *Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990).

On consideration of the foregoing, it is

■ ORDERED that the February 9, 1990, BVA decision is vacated and the matter is remanded to the Board for fulfillment of the duty to assist and for prompt readjudication. The Board shall seek to

obtain the records of September 1989 medical tests of appellant at Ohio State University as requested by the veteran. The Board also shall allow the veteran to submit additional evidence. The Board shall then readjudicate the veteran's claims, including the claim for a total disability rating based on individual unemployability, based on all evidence of record, and issue a new decision supported by reasons or bases. *See Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991) (Remand is not "merely for the purposes of rewriting the opinion so that it will superficially comply with the 'reasons or bases' requirement of 38 U.S.C. § 7104(d)(1).... A remand is meant to entail a critical examination of the justification for the decision."). A final decision by the Board following the remand herein ordered will constitute a new decision which may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which the new decision is mailed to appellant. It is further

ORDERED that the Secretary's motion to strike from appellant's brief medical records which were not part of the record before the Secretary and the BVA is granted, that the Secretary's motion for summary affirmance is denied, and that the Secretary's motion to accept his motion for summary affirmance in lieu of a brief is granted.

VACATED AND REMANDED.