Charles F. CAPTAIN, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.

No. 90–1357.

United States Court of Veterans Appeals.

Oct. 7, 1992.

Before STEINBERG, Associate Judge.

MEMORANDUM DECISION

STEINBERG, Associate Judge:

The veteran, Charles F. Captain, appeals from a September 25, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying entitlement to service connection for diabetes mellitus. *Charles F. Captain*, BVA 90–33067 (Sept. 25, 1990). The Board's decision will be affirmed.

The veteran's claim for entitlement to service connection for diabetes mellitus was denied by prior final Board decisions in June 1986 and August 1988. R. at 210–13, 290–94. Pursuant to 38 U.S.C. § 5108 (formerly § 3008), a previously and finally disallowed claim must be reopened by the Secretary of Veterans Affairs (Secretary) when "new and material evidence" is presented or secured with respect to that claim. *See* 38 U.S.C. § 7104(b) (formerly § 4004). On claims to reopen previously and finally disallowed claims, the BVA must conduct a two-part analysis. *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). First, it must determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". If it is, the Board must then review the new evidence "in the context of" the old to determine whether the prior disposition of the claim should be altered. *Jones (McArthur) v. Derwinski*, 1 Vet.App. 210, 215 (1991).

In its September 25, 1990, decision, the BVA failed to conduct this two-part analysis. Rather, it stated the applicable inquiry to be whether the evidence submitted after the August 1988 BVA decision presented "a new factual basis" to warrant granting service connection for diabetes mellitus. *Captain*, BVA 90–33067, at 4. As this Court stated in *Jones*, the enactment of section 3008 (now § 5108) eliminated the "new factual basis" regulatory standard previously used by the Department of Veterans Affairs (VA) in reopened claims (38 C.F.R. § 19.194 (1990)). *Jones*, 1 Vet.App. at 215.

Although the Board erred by failing to apply the proper test for reopening, its error was harmless. The determination as to whether evidence is "new and material" is a conclusion of law which this Court reviews de novo under 38 U.S.C. § 7261(a)(1) (formerly § 4061). *See Masors v. Derwinski*, 2 Vet.App. 181, 185 (1992); *Jones*, 1 Vet.App. at 213; *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1990). The Court holds that the veteran has not submitted new and material evidence. The evidence the veteran has submitted since the BVA denied his claim in 1988 consists almost entirely of duplicates of VA and private medical reports already considered by the BVA when it rendered its final decision in 1988. Evidence which is merely duplicative of evidence already in the record cannot be considered "new" for purposes of reopening under section 5108. *Colvin*, 1 Vet.App. at 174; 38 C.F.R. § 3.156 (1991).

The only new items of evidence submitted by the veteran are a copy of a 1972 medical record and a 1976 letter from a private physician. R. at 435, 309. The 1972 medical record relates to inpatient treatment the veteran received at a private hospital. The diagnosis is listed as "Padget [sic] Disease & Arthritis". R. at 435. The document does not even mention the veteran's diabetes, and thus has no probative value as to whether the veteran's diabetes is service connected. The second item is a September 1976 letter written by Dr. Maria Raffinan, a private physician first consulted by the veteran in February 1976. R. at 309. In her letter, Dr. Raffinan describes episodes of chest pain suffered by the veteran; she offers a diagnosis of diabetes mellitus and hypertension. Dr. Raffinan's letter does not relate the veteran's diabetes mellitus, first diagnosed in September 1972, to his wartime service. This evidence is thus not material. *See Colvin, supra* (evidence is new and material only if there is a reasonable possibility that the new evidence, when viewed in con-

text of all the evidence, would change the outcome). Since there was no new and material evidence, the veteran's claim should not have been reopened, and any error attendant on the BVA's denial of the claim in September 1990 was harmless error. *See* 38 U.S.C. § 7261(b); *Kehoskie v. Derwinski,* 2 Vet.App. 31, 34 (1991); *Godwin v. Derwinski,* 1 Vet.App. 419, 425 (1991); *Thompson v. Derwinski,* 1 Vet. App. 251, 254 (1991).

■ In both his brief and his response to the Secretary's motion, the veteran argues that the Secretary has "failed to adequately develop the record". Br. at 3. He asserts that the Secretary has failed to produce relevant service medical records, and that the Secretary has omitted from the record on appeal (ROA) a "buddy letter" described and discussed in the BVA's August 1988 decision. Br. at 4–5, 8; R. at 292–93. When a claimant submits a well-grounded claim, the Board is required to assist the claimant in developing the facts pertinent to that claim. 38 U.S.C. § 5107(a) (formerly § 3007); *see Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990) (well-grounded claim is a "plausible" claim). Even when a claimant seeking to reopen a previously and finally disallowed claim does not submit new and material evidence, the Court has found two circumstances where such a claimant is entitled to the benefit of VA's statutory duty to assist: First, where the claimant has specifically requested certain assistance (private medical records) which might help to substantiate his claim (*see White v. Derwinski,* 1 Vet.App. 519, 520–21 (1991); 38 C.F.R. § 3.159 (1991)); and, second, where the evidence before the Board raised sufficient notice of pertinent records (again, private medical records) which may constitute new and material evidence sufficient to justify reopening a prior claim (*see Ivey v. Derwinski,* 2 Vet.App. 320, 322–23 (1992); *id.* at 325–30 (Steinberg, J., concurring)). Nothing in the record or the appellant's arguments plausibly indicates the existence of evidence which could be new and material. First, the "buddy letter" in question had already been considered by the BVA in its August 1988 decision. R. at 292. Second, with regard to the veteran's service medical records, the ROA contains a 1971 letter from the National Personnel Records Center stating that the only medical records on file relating to the veteran were his entrance and separation physical examinations, both of which are included in the ROA. R. at 1–7. A further search of the veteran's records could not plausibly be expected to yield a different result. Thus, the Department's duty to assist the claimant in developing his claim has not been triggered.

Upon consideration of the record and the submissions of the parties, the Court holds that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C. §§ 7252, 5107(b), 7104(d)(1), 7261 (formerly §§ 4052, 3007, 4004, 4061) and the analysis in *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). It is further held that summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990). The Secretary's motion for summary affirmance is granted and the September 25, 1990, BVA decision is summarily affirmed.

AFFIRMED.