**Donald A. MARTIN, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 91–1449.**

United States Court of Veterans Appeals.

Decided Dec. 22, 1992.

Mathew R.P. Perrone, Jr., Algonquin, IL, was on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Adam K. Llewellyn, Washington, DC, were on the pleadings, for appellee.

Before KRAMER, HOLDAWAY and STEINBERG, Associate Judges.

HOLDAWAY, Associate Judge:

The appellant, through his counsel, is seeking to have his previously denied claim reopened for a disability (paraparesis of the lower extremities) that he contends is service-connected. He also "demands," for the first time before this Court, an award of $50,000,000 to compensate him for his "pain and suffering." The Board of Veterans' Appeals (BVA or Board) found that the appellant had produced no "new and material" evidence; therefore, since the previous denial was final, it denied the disability claim. *See* 38 U.S.C. § 7104(b) (formerly § 4004).

## BACKGROUND

The appellant served in the Air Force from July 1952 until June 1956. In 1966, ten years after completion of his service, he was diagnosed with neuropathic muscle weakness, "probably secondary to viral infection," as well as "schizoid personality; hysterical component to muscular weakness." In 1967, he was granted a non-service-connected pension, and the household benefit, for flaccid paraparesis of the lower extremities. In 1981, the appellant filed a claim attempting to have his disability rated as service-connected. This claim was ultimately denied by the BVA in a decision dated January 10, 1983. From 1983 until 1989, there were several other adverse decisions which were not appealed. *See Donald A. Martin*, BVA 91–14801, at 2 (May 30, 1991).

In October 1990, he again attempted to reopen the claim. This resulted in the BVA decision now under consideration. In connection with this latest attempt, the Board noted that the material added to the record after the 1983 decision consisted "*solely* of the veteran's reassertion of the same contention previously considered" (emphasis supplied). *Id.* at 4. In essence, this contention was that the paraparesis was caused during his service by carbon tetrachloride that was in a Coca–Cola bottle and to which the appellant was exposed through the malign action of others. No military records, medical or otherwise, could be found to document such an incident.

The appellant now claims before this Court that one Sam Zabielski was exposed to the same substance and has the same disability, and that he spotted Mr. Zabielski in a Department of Veterans Affairs (VA) hospital in Chicago in 1990. He contends that if he could get Zabielski's VA records, they would furnish the "new and material" evidence that is lacking in his case. He also contends that he made "repeated requests for these records before the Board of Veterans' Appeals." The record on appeal (ROA) shows nothing to support this latter contention.

## ANALYSIS

First, as to the issue of "new and material" evidence, it is clear, as even the appellant tacitly admits, that no "new and material" evidence was produced after the 1983 BVA decision. Therefore, that decision is final. *See* 38 U.S.C. § 7104(b). The only question remaining is whether there was before the Board a request for records that would trigger a "duty to assist" to obtain

the alleged new and material evidence. *White v. Derwinski*, 1 Vet.App. 519 (1991). Pretermitting consideration of whether the present claim constitutes a well-grounded claim that would trigger a duty to assist, *see* 38 U.S.C. 5107(a) (formerly § 3007), and pretermitting the even more knotty problem of whether the Board could have legally produced another veteran's records without violating the Privacy Act (5 U.S.C. § 552a), we note that the ROA, to which the appellant and his counsel made no counter designation nor exception, contains no request for Mr. Zabielski's records. The claims form, the notice of disagreement, the appeal to the BVA, the statement of the case, and the decision itself make absolutely no allusion to such a request. The only reference to a Mr. Sam Zabielski anywhere in the ROA is in a context that is quite at odds with the appellant's present contention. This reference is to Mr. Zabielski, not as a fellow sufferer of the same malady, but as a perpetrator of the alleged trick exposing the appellant to carbon tetrachloride. The only evidence of any request for Mr. Zabielski's records is contained as an "exhibit" to a motion filed on February 10, 1992, before this Court. This exhibit is a letter, not from the appellant, but from the *Regional Office* denying a request for another veteran's records, name unspecified. It is dated January 3, 1992, six months *after* the BVA decision. The appellant had every opportunity by means of Rule 11 of this Court's Rules of Practice and Procedure to supplement the record or object to it. He did neither.

The appellant is reminded that this Court may consider only matters that were before the Board as evidenced by the ROA, *see* 38 U.S.C. § 7252(b) (formerly § 4052). The Rule 11 process is designed to fix with certainty what that evidence was. After the Rule 11 process is complete, this Court normally will not entertain attempts, explicit or implicit, by pleadings or otherwise, to supplement the record or impeach it. If there were, as alleged by counsel, several requests to the BVA for Mr. Zabielski's records, the appellant and his attorney have been remiss in not counter designating them as provided in Rule 11. If there were no such requests, then misleading information has been included in the pleadings filed before this Court. In either event, on the basis of the ROA, to which, we repeat, no exception was taken, the decision of the BVA will be affirmed as correct in law and fact. The orders previously denying the motions to "subpoena" Mr. Zabielski's records are confirmed. Those records, if they exist, are not part of the ROA and are thus not germane to *this appeal.*

One final comment: In addition to apparently not understanding the matters that may properly be considered on appeal, the appellant and his counsel, in asking for $50,000,000 "damages," fail utterly to understand the jurisdiction of this Court. We expect counsel before us, particularly those who are members of our Bar, to be familiar with the jurisdictional statutes establishing this Court, as well as our Court Rules. The BVA decision is AFFIRMED.