NEBEKER, Chief Judge:
Appellant, Rudolph Holoway, seeks reversal of an April 4, 1991, Board of Veterans’ Appeals (BVA) decision which held that he was not entitled to service connection for a lumbar spine disability, identified as osteomyelitis. The BVA ruled against appellant on the ground that his disability was a recurrence of an injury which preexisted his service and which was not aggravated during service beyond the natural progress of his condition. Appellant filed an informal brief. The Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, to which appellant filed a response in opposition. The Court affirms the April 4, 1991, BVA decision.
FACTUAL BACKGROUND
A summary of a 1945 physical examination of the appellant contained a segment which narrated an early history of the veteran’s illness. R. at 31. In July 1938, a “sailpipe” struck appellant in his lower back. He was not immediately treated for the injury. However, in the following September, an abscess developed on the back and the right side of his lower lumbar vertebrae. Subsequently he had five similar abscesses which varied in length of drainage from two weeks to nine months. He worked intermittently in the trucking business until 1942, when he entered the Merchant Marine. In March, 1943, while at sea, he fell down a ladder and injured his back. He was admitted to a hospital in the West Indies and, after treatment for ten days, returned to the United States where he was attended by his private physician. Another abscess formed which drained for four months. He returned to sea in October 1943 until another abscess developed during the summer of 1944. He was drafted in May 1945 and, after being in the Army for six days, a new abscess developed. After treating his lumbar spine disability, the Army honorably discharged him in August 1945.
*456 In September 1945, a Veterans’ Administration (now Department of Veterans Affairs) (VA) rating board denied appellant’s request for service connection of his lumbar spine disability. The rating board noted that his condition which surfaced during his service in the Army was a “[recurrence of [an] old injury in no way indicating aggravation beyond [the] natural progress of [the] condition.” R. at 70. In 1947, the VA reaffirmed that decision. R. at 85. A September 1946 VA examination report on the veteran notes:
Admitted for: Abscess, lumbar region of back, acute, cause undetermined: Osteo-myelitis, third and fourth lumbar vertebrae, etiology undetermined, chronic with persistent draining sinuses in lumbar region since September 1938.
Present Illness: About 8 years ago, was hurt with iron pipe in lower back and since then has had trouble with his back. It has been lanced several times. Twice in outside hospitals. Twice in Worcester, Mass.
R. at 72.
In 1963, the veteran applied anew for service connection of his lumbar spine disability, and applied for non-service-connected benefits as well. The VA again denied his claim. The VA explained in a letter that his lumbar spine disability had been diagnosed as osteomyelitis and that his claim “was disallowed in October 1945, as it had been determined the preexisting condition was not aggravated by active service in World War II.” R. at 107.
All of appellant’s previous claims for service connection of his lumbar spine disability sprang from his service in the Army; under the law in effect at the time of his previous claims, his merchant marine service did not qualify him as a “veteran” for purposes of benefits administered by the VA. However, in 1988, the Secretary of the Air Force, acting in accordance with authority delegated to him by the Secretary of Defense, determined that the service of merchant marine seamen such as appellant would be considered “active duty” for VA purposes. See 53 Fed.Reg. 2775 (1988); 38 C.F.R. § 3.7(x)(15) (1992); Spencer v. Derwinski, 1 Vet.App. 125 (1991); Shumacher v. Aldridge, 665 F.Supp. 41 (D.D.C.1987) (Secretary of the Air Force unlawfully denied recognition of merchant marine service in accordance with the GI Bill Improvement Act of 1977).
In July 1988, the veteran, in connection with his merchant marine service, reopened his claim for service connection for his os-teomyelitis. He submitted a statement from a private physician indicating treatment for a lumbar spine disability for 20 years and testified at a VA hearing as to the history of his back disorder. His testimony included reference to a judgment against a private company in a civil suit which stemmed from a back injury while in the Merchant Marine. In its decision, the VA Regional Office (RO) cited the change in the law which allowed the veteran to ground his claim upon his merchant marine service. Nevertheless, the RO ultimately denied the veteran’s reopened claim. R. at 123, 134, 167. The RO concluded that appellant’s condition did not originate during his merchant marine service and was not aggravated during his merchant marine service beyond the natural progress of his preexisting condition. The BVA affirmed the RO’s action.
ANALYSIS
The Court initially notes that appellant’s claim was properly reopened and that the BVA decision reflects an evaluation of the entire record. The Court also notes appellant’s request, contained in his informal brief, that the Court order the VA to investigate his 1943 civil suit against his employer regarding his fall during merchant marine service. The “duty to assist” is a duty to “help the veteran obtain facts that might enable him to sustain his burden of proof or develop the facts of his claim, once he has submitted a well-grounded claim.” White v. Derwinski, 1 Vet.App. 519, 521 (1991). Appellant had not, however, requested assistance in obtaining these records before making the request in his informal brief to the Court. Furthermore, he has not indicated how the records may be relevant to his case, that is, how the *457 evidence would show that his preservice disability involving the lumbar spine underwent a chronic pathological advancement during his period of service in the Merchant Marine. Consequently, the issue of whether the VA has a duty to assist him in retrieving civil records of legal suits is not properly before this Court.
The BVA found that appellant’s back disorder was unrelated to his merchant marine or army service. Rudolph Holoway, BVA 91-10820, at 6-7, (Apr. 4, 1991). The Court must affirm the BVA’s findings of fact where there is a plausible basis in the record. Gilbert v. Derwinski, 1 Vet.App. 49 (1990). Here, the record provides a plausible basis for the findings of the BVA that appellant’s condition did not originate in service and was not aggravated during his merchant marine service beyond the natural progress of his preexisting condition. The record contains a plausible basis for the findings of the BVA.
Therefore, the Secretary’s motion is GRANTED. The decision of the BVA is AFFIRMED.