Paulino A. ALCAIDE, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 92–610.

United States Court of Veterans Appeals.

April 8, 1993.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, World War II veteran Paulino A. Alcaide, appeals from an April 13, 1992, decision of the Board of Veterans' Appeals (BVA or Board) denying service-connected disability compensation for shrapnel wounds to the left leg and left scalp. R. at 4–9. The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). Because the veteran has failed to submit new and material evidence to reopen his claim, the Court will grant the Secretary's motion and affirm the Board's decision.

The veteran has recognized service from December 21, 1941, to April 9, 1942, and from December 15, 1943, to February 5, 1946. R. at 38, 44. The veteran does not have recognized service for the period spanning April 10, 1942, to December 14, 1943. R. at 38, 44. On an "AFFIDAVIT FOR PHILIPPINE ARMY PERSONNEL", dated January 29, 1946, the veteran indicated that he had been wounded by bomb shrapnel during the interval between periods of recognized service. R. at 13. In March 1972, the veteran submitted a claim for service-connected disability compensation for shrapnel wounds to the right and left arms, the left leg, and the left side of the head. R. at 17–20. On his application, the veteran stated that he had received shrapnel wounds on April 8, 1942, during a period of recognized service. He submitted a June 1972 letter from Dr. Mariano F. Mejia, a municipal health officer (R. at 23), and the 1972 affidavits of two service comrades (R. at 24–25), all supporting the veteran's contention that he had been wounded during a period of recognized service. The BVA denied the veteran's claim in July 1973. R. at 50–53.

Pursuant to 38 U.S.C.A. §§ 5108 and 7104(b) (West 1991), the Secretary may not reopen a claim previously and finally disallowed by the BVA unless "new and material evidence is presented or secured with respect to" that claim. *See Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991); *Jones (McArthur) v. Derwinski*, 1 Vet.App. 210, 215 (1991). Evidence is "new" if it is not "merely cumulative" of evidence already in the record; it is "material" if it is "relevant [to] and probative of the issue at hand" and there is a "reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome". *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). On claims to reopen previously and finally disallowed claims, the BVA must conduct a two-step analysis. *Manio, supra; Jones, supra.* First, it must determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". *Manio, supra.* If it is, the Board must then review the new evidence "in the context of" the old to determine whether the prior disposition of the claim should be altered. *Jones, supra.*

In its April 13, 1992, decision, the BVA appeared to confuse the question of whether the veteran had submitted new and material evidence with the question of whether his claim was well grounded. On the first page of the decision, the Board correctly identified "THE ISSUES" as "[w]hether new and material evidence has been submitted" with respect to the veteran's claims. R. at 4. Later in the decision, the Board stated: "The threshold question to be answered in this case is whether the appellant has presented evidence of a well-grounded claim". R. at 6. The Board then concluded that the veteran had not presented evidence of a well-grounded claim because "none of the additional evidence presents a reasonable possibility of changing the outcome", the standard established by *Colvin, supra,* although the Board did

not cite *Colvin.* R. at 7. As noted above, the "reasonable possibility" standard is a component of the test to determine whether additional evidence is new and material, not whether a claim is well-grounded. Furthermore, the Court has held that a claim to reopen a previously and finally denied claim may be well grounded, giving rise to VA's duty to assist the claimant under 38 U.S.C.A. § 5107(a) (West 1991), even though the claimant may not have submitted new and material evidence which would require the Board to reopen and readjudicate the claim. *See Ivey v. Derwinski,* 2 Vet.App. 320, 322–23 (1992); *White (Frank) v. Derwinski,* 1 Vet.App. 519, 521 (1991).

Although the Board failed to address the question of whether the claim should be reopened, its error was harmless in this case because the claim should not have been reopened. *See Kehoskie v. Derwinski,* 2 Vet.App. 31, 34 (1991); *Thompson v. Derwinski,* 1 Vet.App. 251, 254 (1991). The determination as to whether evidence is "new and material" is a conclusion of law, which this Court reviews de novo under 38 U.S.C.A. § 7261(a)(1) (West 1991). *See Masors v. Derwinski,* 2 Vet.App. 181, 185 (1992); *Jones,* 1 Vet.App. at 213; *Colvin, supra.*

After the BVA's prior final decision in 1973, the veteran submitted the following evidence: another letter from Dr. Mejia, stating that he had treated the veteran for shrapnel wounds in May of 1942 (R. at 55); the affidavits of several more service comrades (R. at 56, 64, 65, 71, 87); an affidavit from the veteran himself (R. at 72); and two medical reports describing the results of physical examinations in 1976 and 1990 (R. at 56, 61–63). The medical reports discuss only the veteran's then-current physical state and are not relevant to the issue of whether or not he incurred his shrapnel wounds during a period of recognized service. Similarly, Dr. Mejia's second letter relates dates of treatment and is not relevant to the issue of the date on which the veteran received the shrapnel wounds. The reports and Dr. Mejia's letter are, thus, not material. The newly-submitted affidavits relate exactly the same information as did the affidavits at issue in the first adjudication and are, therefore, cumulative; because the affidavits are cumulative, they are not new. Accordingly, the veteran has failed to submit new and material evidence and his claim should not, therefore, have been reopened.

Upon consideration of the record, the Secretary's motion, and the appellant's informal brief, the Court holds that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C.A. §§ 7252, 5107(b), 7104(d)(1), 7261 (West 1991) and the analysis in *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). The Court grants the Secretary's motion for summary affirmance and summarily affirms the April 13, 1992, BVA decision.

AFFIRMED.