**Melvin L. WILSON, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–692.

United States Court of Veterans Appeals.

April 13, 1993.

Before KRAMER, Associate Judge.

**MEMORANDUM DECISION**

KRAMER, Associate Judge:

Appellant, Melvin L. Wilson, appeals a March 3, 1992, decision of the Board of Veterans' Appeals (BVA) which found that new and material evidence had not been submitted to reopen appellant's claim for service connection for pulmonary tuberculosis, and denied entitlement to a permanent and total disability rating for pension purposes. The Court has jurisdiction under 38 U.S.C.A. § 7252(a) (West 1991).

Under 38 U.S.C.A. § 7104(b) (West 1991), a final decision on a given claim "may not thereafter be reopened and allowed and a claim based upon the same

factual basis may not be considered." The exception to this rule is 38 U.S.C.A. § 5108 (West 1991) which states that "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary [of Veterans Affairs] shall reopen the claim and review the former disposition of the claim." *See Thompson v. Derwinski*, 1 Vet.App. 251, 253 (1991). New evidence is evidence which is "not ... merely cumulative of other evidence on the record." *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). Material evidence is evidence which "is relevant and probative of the issue at hand", and which raises a "reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Id.; see* 38 C.F.R. § 3.156 (1991).

Much of the evidence submitted by appellant to reopen is duplicative of that previously of record at the time of appellant's May 1969 rating decision. This evidence, as it is cumulative, is not new. To the extent that appellant's evidence is new, it is not material as it does not show the existence of tuberculosis during the applicable 3–year presumptive period, *see* 38 C.F.R. § 3.307(a)(3) (1992), and there is no reasonable possibility that the new evidence, when viewed in the context of all the evidence of record, would change the outcome, *see Colvin*, 1 Vet.App. at 174. Appellant's statements cannot establish the existence of tuberculosis during the presumptive period. *See Espiritu v. Derwinski*, 2 Vet.App. 492 (1992). In sum, both the old and new evidence of record shows the presence of atypical infection, not tuberculosis. Atypical infection is not a condition entitled to any presumptive period. *See* 38 C.F.R. § 3.309(a) (1992).

In denying appellant's claim for pension, the BVA determined that this claim was not well grounded and predicated its determination on the basis that appellant had earnings of $5,600 during the first nine months of 1990 and had indicated he would earn $8,000 during the year following his February 1990 application. R. at 86, 106. The Court's review of whether appellant's pension claim is well grounded is de novo. *See White v. Derwinski*, 1 Vet.App. 519, 521 (1991). In making its determination, the BVA failed to discuss 38 C.F.R. § 4.17(a) (1992), and whether marginal employment, as discussed in this paragraph, differs from marginal employment as discussed in 38 C.F.R. § 4.16(a) (1992). However, as the record is devoid of any evidence that appellant is unemployable "by reason of disabilities which are likely to be permanent," *see* 38 C.F.R. § 4.17(a), the BVA's error in this regard is harmless. *See* 38 U.S.C.A. § 7261(b) (West 1991); *Kehoskie v. Derwinski*, 2 Vet.App. 31, 34 (1991).

Finally, the BVA failed to consider appellant's claim for a dental condition. R. at 125, 145. The BVA must consider all issues reasonably raised by the record. *See Myers v. Derwinski*, 1 Vet.App. 127, 129–30 (1991); *EF v. Derwinski*, 1 Vet. App. 324, 326 (1991); *Mingo v. Derwinski*, 2 Vet.App. 51, 54 (1992).

Summary disposition is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990). The BVA decision is affirmed as to the issues expressly raised in it, but is remanded for consideration of the claim for a dental condition.