**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 05-3246

Fred J. Vigil, Appellant,

v.

James B. Peake, M.D.,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Argued October 25, 2007                    Decided February 12, 2008  )

*Kenneth M. Carpenter*, of Topeka, Kansas, for the appellant.

*Nathan Paul Kirschner*, with whom *Paul J. Hutter*, Acting General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Brian B. Rippel*, Deputy Assistant General Counsel, were on the brief, all of Washington D.C., for the appellee.

Before KASOLD, LANCE, and SCHOELEN, *Judges*.

KASOLD, *Judge*, filed the opinion of the Court.  LANCE, *Judge*, filed a dissenting opinion.

KASOLD, *Judge*: Veteran Fred J. Vigil appeals through counsel an August 2, 2005, Board of Veterans' Appeals (Board) decision that denied entitlement to an effective date earlier than January 25, 1989, for an award of service connection for post-traumatic stress disorder (PTSD).  Mr. Vigil argues that the Board erred in its determination that 38 C.F.R. § 3.156(c) (2005), regarding effective date of awards, was not applicable in his case.  For the reasons stated below, we will set aside the Board decision and remand this matter for further adjudication.

## I. BACKGROUND

In December 1980, Mr. Vigil filed a claim for PTSD that was ultimately denied because a Department of Veterans Affairs (VA) examination determined that he did not have a PTSD diagnosis.  *See* Record (R.) at 6.  Mr. Vigil filed a Notice of Disagreement to this decision and the

Secretary issued a Statement of the Case, however, Mr. Vigil did not pursue this appeal further and the regional office (RO) decision became final.

On January 25, 1989, Mr. Vigil submitted another application for compensation for PTSD. R. at 75-76. VA informed Mr. Vigil that, because his claim had previously been denied, he needed to submit new and material evidence to have the claim reconsidered. R. at 81. In 1991, Mr. Vigil submitted a private medical opinion by Dr. Don Cole that established a PTSD diagnosis. While Mr. Vigil's claim was pending, the U.S. Armed Services Center for Research of Unit Records (hereinafter USASCRUR or CRUR) provided unit records to the RO describing an explosion at an ammunition dump that Mr. Vigil previously described as one of his stressors.[1] After a series of remands, the RO, in 2001, awarded service connection for PTSD rated 100% disabling from January 25, 1989, the date of his claim to reopen.

Mr. Vigil challenged this decision arguing that upon receipt of the USASCRUR records his initial claim should have been reconsidered pursuant to 38 C.F.R. § 3.156(c) to determine if he was entitled to an effective date earlier than January 25, 1989, the date on which he filed to reopen his PTSD claim. In the decision on appeal, the Board determined that § 3.156(c) did not apply because (1) the USASCRUR records received by the RO had not been misplaced or erroneously omitted from the initial determination and therefore were not the type of record contemplated by the regulation, and (2) there was no diagnosis of PTSD in the record at the time of the original decision denying his claim. Having determined that § 3.156(c) was not for application, the Board declined, pursuant to 38 C.F.R. § 3.400(q)(1)(ii) (2005), to set Mr. Vigil's effective date for service-connected PTSD at a date earlier than the date of his claim to reopen.

During the pendency of this appeal, the Secretary revised § 3.156(c) with a stated purpose of, inter alia, clarifying the regulation to reflect current practices. *See* 38 C.F.R. § 3.156(c) (2007); *see also* New and Material Evidence, 70 Fed. Reg. 35,388 (proposed June, 20, 2005) (codified at 38 C.F.R. pt. 3). At oral argument, the Secretary agreed that his clarifying statements in the proposed rule should govern the interpretation of the pre-amended § 3.156(c) wherever relevant in this case. Mr. Vigil also generally agreed that the clarifying statements governed here. Although

---

[1] The USASCRUR is now known as the Army & Joint Services Records Research Center or the JSRRC. *Jennings v. Nicholson*, No. 06-0758, 2007 WL 2429834, at *2 (Vet. App. Aug. 10, 2007).

the parties agree that the Secretary's interpretation is reasonable and applicable in this case, they differ on whether this interpretation requires a claimant to be provided a retroactive medical examination, with Mr. Vigil arguing he is so entitled and the Secretary arguing to the contrary. Inasmuch as the parties agree that the Secretary's clarifying statements generally apply in this case, and because we see no reason that they should not, *see Tropf v. Nicholson*, 20 Vet.App. 317, 320 (2006) ("We review the interpretation of regulations de novo."); *see also* 38 U.S.C. § 7261(a)(1); *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984) (Court must defer to the agency's interpretation of the statute unless it is "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law"), we will review the Board decision in light of these clarifying statements.

## II. DISCUSSION

Three aspects of the Secretary's clarifying statement with regard to the scope of § 3.156(c) are relevant here: (A) Applicability of § 3.156(c) did not depend on whether the newly acquired service records were corrected records or had been misplaced at the time a claim was filed, (B) § 3.156(c) authorizes an effective date as early as the date of the original claim up to the date of the claim to reopen, and (C) application of § 3.156(c) requires a retroactive evaluation of disability.

### A. 38 C.F.R. § 3.156(c) – Misplaced or Corrected Records

The Board determined that 38 C.F.R. § 3.156(c) was not applicable to Mr. Vigil's claim because the regulation comprehended official service department records that have been misplaced or corrected. However, the Secretary's clarifying statement explicitly states that "in practice, VA does not limit its reconsideration to 'misplaced' service department records." *See* New and Material Evidence, 70 Fed. Reg. at 35,388. The clarifying statement further notes that the reference to misplaced records in the regulation was intended to be an example of the types of records that might allow a claimant to obtain an effective date prior to the date of reopening under § 3.156(c), and was not limited solely to misplaced records. Accordingly, the Board erred in rejecting the application of § 3.156(c) on this basis.

Moreover, to the extent the Board rejected the application of § 3.156(c) on the basis that USASCRUR records are not the type of records contemplated by the regulation because they were "*generated* on behalf of an active and pending claim" (R. at 10), the Secretary explicitly cited

3

CRUR records as an example of the type of records that are to be considered, as long as the claimant provides "sufficient information for VA to identify and obtain the records." *See* New and Material Evidence, 70 Fed. Reg. at 35,390. In this instance, USASCRUR records were obtained and used to verify Mr. Vigil's stressors.[2] *See* R. at 7-8, 326-27. Accordingly, the Board erred in rejecting the application of § 3.156(c) simply because these records had not been misplaced or because they were generated by USASCRUR upon the Secretary's request, and remand is warranted so that the Board may consider the Secretary's clarifying statement when assessing the applicability of this regulation in this case.[3] *See Tucker v. West*, 11 Vet.App. 369, 374 (1998) ("[W]here the Board has incorrectly applied the law, failed to provide an adequate statement of reasons or bases for its determinations, or where the record is otherwise inadequate, a remand is the appropriate remedy.").

B. 38 C.F.R. § 3.156(c) – Effective Date

As the Secretary states in his clarifying statement, "'[a]n award based all or in part on the records identified by . . . this section is effective on the date entitlement arose or the date VA received the previously decided claim.'" New and Material Evidence, 70 Fed. Reg. at 35,389 (quoting the proposed § 3.156(c)). Moreover, by way of specific example, the Secretary notes that when an initial claim is denied because of a lack of evidence of an in-service injury, but is later granted based in part on subsequently acquired service records establishing the in-service injury and new medical evidence showing a nexus between a current disability and that in-service injury, the claimant is entitled to a retroactive evaluation of the disability to assess a proper effective date which would be the date of the original claim or the date entitlement otherwise arose, whichever is later. *Id*. In this sense, the original claim is not just re-opened, it is reconsidered and serves as the date of the claim and the earliest date for which benefits may be granted. *See id*.

Thus, depending on the facts, Mr. Vigil could be assigned an effective date as far back as his original claim or the date on which entitlement arose, whichever is later, if § 3.156(c) ultimately is

---

[2] Although not an issue in this case, we note that the Secretary's clarifying statement makes it clear that an earlier effective date may be assigned under § 3.156(c) when an award is based "all or in part" on the newly obtained service records. *See* New and Material Evidence, 70 Fed. Reg. at 35,389.

[3] Contrary to the view of our dissenting colleague, we are not holding that § 3.156(c) warrants an earlier effective date in this case or all cases that are denied for a lack of diagnosis and later reopened and granted, in part, on service records not obtained previously, or that § 3.156(c) necessarily is for application here. Rather, we are holding that the Board's decision that § 3.156(c) does not apply to Mr. Vigil's claim rests on a faulty premise.

deemed to be applicable in this case. For this reason, the Secretary's argument that the Board decision should be affirmed because there is a plausible basis for its factual finding that Mr. Vigil was not diagnosed with PTSD prior to 1989 is inapposite. Although the Board found that the Secretary had fulfilled his duty to assist and that no further medical examination was warranted, this finding was predicated, at least in part, on the Board's conclusion that § 3.156(c) was not for application in this case on the improper grounds that certain records had not been misplaced previously or were obtained from USASCRUR upon request. *See* R. at 4 ("A medical examination is not relevant to the pending appeal, and as such, VA fulfilled its duties to the veteran to the extent possible given the particular circumstances of this case."). If § 3.156(c) ultimately is deemed applicable, the duty to assist would require not only the development of evidence regarding the degree of disability associated with Mr. Vigil's PTSD, but also the development of evidence regarding when Mr. Vigil first suffered from PTSD or the extent to which he suffered from PTSD prior to the date of his claim to reopen. *See* 38 U.S.C. § 5103A(a)(1) (requiring the Secretary to "make reasonable efforts to assist a claimant by obtaining evidence necessary to substantiate" the claim); *Forcier v. Nicholson*, 19 Vet.App. 414, 421-22 (2006); 38 C.F.R. § 3.159(c) (2005).

### C. Retroactive Evaluation of Disability

Because the Board determined that § 3.156(c) was inapplicable to Mr. Vigil's claim, it did not address whether a retroactive medical examination was required, or otherwise necessary to fulfill the duty to assist. Moreover, the issue of the scope of the Secretary's obligation with respect to a retroactive evaluation was raised for the first time at oral argument, and, particularly in light of the fact that remand is otherwise warranted, this issue can be addressed in the first instance on remand. *See Maggitt v. West*, 202 F.3d 1370, 1377-78 (Fed. Cir. 2000) (holding that the Court has discretion to hear or to remand legal arguments raised for the first time on appeal).

### III. REMAND

On remand, Mr. Vigil may present any additional evidence and argument in support of his contention that he is entitled to an effective date prior to the date his claim was reopened and the Board must consider any evidence and argument so presented. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002). This matter is to be provided expeditious treatment on remand. *See* 38 U.S.C. § 7112.

5

## IV. CONCLUSION

The August 2, 2005, decision of the Board is SET ASIDE and REMANDED for adjudication consistent with this opinion.

LANCE, *Judge*, dissenting: The essence of the majority opinion rests on the premise that service records not requested by VA may be considered unavailable for that reason, and may be the type of records subject to the exception provided in 38 C.F.R. § 3.156(c). However, for the purposes of § 3.156(c), I believe that unavailable service records are those that VA had a duty to seek and, for whatever reason, was not able to obtain. As I believe § 3.156(c) is not applicable in this case, I must respectfully dissent. The Secretary's 2005 proposed rule change statement clarified that the exception in § 3.156(c) allows for the reconsideration of decisions on the basis of newly discovered service department records. The Secretary explained that the purpose of this section is to ensure that the claimant is not harmed by "administrative deficiency of the government." *See* New and Material Evidence, 70 Fed. Reg. at 35,388. The Secretary further explained that the rule applies "when VA receives official service department records that were *unavailable* at the time VA previously decided a claim for benefits and those records lead VA [at least in part] to award a benefit that was not granted in the previous decision." *Id.* (emphasis added). The Secretary's clarification also recognized that in practice VA "does not limit its reconsideration to 'misplaced' service department records", but rather, VA intended the reference to misplaced records as an example of the type of service department records that may have been unavailable when it issued a decision on the claim. *Id.*

In assembling records relevant to a veteran's claim, VA has a duty to assist claimants in obtaining government or private records that are "pertinent and specific to the claim." *White v. Derwinski*, 1 Vet.App. 519, 521 (1991) (citing 38 C.F.R. § 3.159(b)). However, VA has no duty to develop evidence supporting a claim when there is no reasonable possibility that assistance by VA will aid in substantiating the claim. 38 C.F.R. 3.159(d); *See Forcier v. Nicholson*, 19 Vet.App. 414, 423 (2003) (VA must assist in developing evidence that supports the existence of stressors unless there is no reasonable possibility that assistance will substantiate the claim). In this case, the service records at issue were not requested by VA when VA first adjudicated the appellant's claim in 1982.

VA had no duty to seek out records corroborating the appellant's PTSD stressors at that time because his examining physician reported that he did not meet the diagnostic criteria for PTSD. R. at 59. Hence, corroboration of the appellant's stressors through USASCRUR records would not have substantiated his claim for PTSD absent a diagnosis. In 1997, after the appellant requested to have his PTSD claim reopened and a diagnosis of PTSD was received, VA sought to corroborate the appellant's stressors by obtaining USASCRUR records, which the USASCRUR duly furnished. There is no support in the record, nor any allegation, that these USASCRUR records were ever unavailable for any reason. Further, VA's process was not deficient because it did not seek evidence in 1982 that it had no duty to obtain, and that, ultimately, would not have aided the appellant in substantiating his claim. As such, § 3.156(c) is simply inapplicable to the appellant's claim.

Moreover, not only does the majority's interpretation of § 3.156(c) ignore the Secretary's stated purpose in promulgating the regulation, it results in a circumvention of the statutorily mandated effective date provided by 38 U.S.C. § 5110(a). Pursuant to the statute, the effective date of an award based on a claim reopened after final adjudication "shall not be earlier than the date of receipt of application therefor." 38 U.S.C. § 5110(a). However, under the majority's application of § 3.156(c), every PTSD claim finally denied solely because of a lack of a diagnosis and is later reopened on the basis of a current diagnosis is entitled to an effective date potentially relating back to the originally denied claim. This is so because, upon evidence of a PTSD diagnosis, VA must proceed for the first time to attempt to corroborate the in-service PTSD stressors with unit or service records. If corroborating records are recovered, the majority interprets this to trigger the application of § 3.156(c). Applied in this manner, § 3.156(c) performs an unanticipated end-run around section 5110(a) by permitting assignment of an earlier effective date for reopened claims even in the absence of any governmental deficiencies and unavailable records.

Finally, the reason I find § 3.156(c) inapplicable is *not* because the USASCRUR records in this case were not relevant to the reopening of the appellant's claim. As noted by the Court at oral argument, the Secretary's clarifying comments in the Federal Register proposed to remove the "new and material" requirement of § 3.156(c) because, in practice, the relevance of previously unavailable service records to the reopening of a claim does not affect whether VA applies § 3.156(c). *See* New and Material Evidence, 70 Fed. Reg. at 35,388. Rather, § 3.156(c) does not apply because the USASCRUR records in this case were never unavailable. Accordingly, the Board

7

correctly determined that 38 C.F.R. § 3.400(q)(1)(ii) was the relevant and applicable regulation relating to the proper effective date of the appellant's reopened PTSD claim. R. at 11. Section 3.400(q)(1)(ii) provides:

> (q) *New and material evidence (§ 3.516)*–(1) *Other than service department records*–(ii) *Received after final disallowance.* Date of receipt of new claim or date entitlement arose, whichever is later.

Here, the appellant reopened his PTSD claim with evidence of a current PTSD diagnosis. R. at 84-86. It was only during the appeals process that the PTSD diagnosis was confirmed and VA had a duty to seek corroborating evidence of the appellant's in-service stressors. USASCRUR records were obtained after VA's first request for such records in 1997. R. at 219-41. As these records were never unavailable, § 3.156(c) is inapposite, and the Board properly applied § 3.400(q)(1)(ii) entitling the appellant to an effective date of January 25, 1989.

The majority remands this matter to the Board for further development hinging on the possibility that a retrospective examination will show the appellant suffered from PTSD symptoms prior to 1989. However, no amount of further development will render § 3.156(c) applicable to the facts of this case. Whether or not the appellant experienced symptoms prior to 1989 does not alter the fact that VA had no duty to seek USASCRUR records prior to the current reopening because there was no established diagnosis of PTSD before that. Here, after a diagnosis was established, VA sought to confirm the appellant's stressors and USASCRUR records were recovered subsequent to VA's first request in 1997. R. at 219-41. For all the reasons stated above, no amount of further consideration or development by the Board will alter the fact that the USASCRUR records were never unavailable during the prior proceeding and a remand is not warranted. *See NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969) (stating that judicial review of an agency's action should not be converted into a "ping-pong game" where remand is "an idle and useless formality"). Accordingly, I would affirm the Board's August 2, 2005, decision.