LANCE, Judge,
dissenting:
The essence of the majority opinion rests on the premise that service records not requested by VA may be considered unavailable for that reason, and may be the type of records subject to the exception provided in 38 C.F.R. § 3.156(c). However, for the purposes of § 3.156(c), I believe that unavailable service records are those that VA had a duty to seek and, for whatever reason, was not able to obtain. As I believe § 3.156(e) is not applicable in this case, I must respectfully dissent. The *68 Secretary’s 2005 proposed rule change statement clarified that the exception in § 3.156(e) allows for the reconsideration of decisions on the basis of newly discovered service department records. The Secretary explained that the purpose of this section is to ensure that the claimant is not harmed by “administrative deficiency of the government.” See New and Material Evidence, 70 Fed.Reg. at 35,388. The Secretary further explained that the rule applies “when VA receives official service department records that were unavailable at the time VA previously decided a claim for benefits and those records lead VA [at least in part] to award a benefit that was not granted in the previous decision.” Id. (emphasis added). The Secretary’s clarification also recognized that in practice VA “does not limit its reconsideration to ‘misplaced’ service department records”, but rather, VA intended the reference to misplaced records as an example of the type of service department records that may have been unavailable when it issued a decision on the claim. Id.
In assembling records relevant to a veteran’s claim, VA has a duty to assist claimants in obtaining government or private records that are “pertinent and specific to the claim.” White v. Derwinski, 1 Vet.App. 519, 521 (1991) (citing 38 C.F.R. § 3.159(b)). However, VA has no duty to develop evidence supporting a claim when there is no reasonable possibility that assistance by VA will aid in substantiating the claim. 38 C.F.R. 3.159(d); See Fortier v. Nicholson, 19 Vet.App. 414, 423 (2006) (VA must assist in developing evidence that supports the existence of stressors unless there is no reasonable possibility that assistance will substantiate the claim). In this case, the service records at issue were not requested by VA when VA first adjudicated the appellant’s claim in 1982. VA had no duty to seek out records corroborating the appellant’s PTSD stressors at that time because his examining physician reported that he did not meet the diagnostic criteria for PTSD. R. at 59. Hence, corroboration of the appellant’s stressors through USASCRUR records would not have substantiated his claim for PTSD absent a diagnosis. In 1997, after the appellant requested to have his PTSD claim reopened and a diagnosis of PTSD was received, VA sought to corroborate the appellant’s stressors by obtaining USASCRUR records, which the USASC-RUR duly furnished. There is no support in the record, nor any allegation, that these USASCRUR records were ever unavailable for any reason. Further, VA’s process was not deficient because it did not seek evidence in 1982 that it had no duty to obtain, and that, ultimately, would not have aided the appellant in substantiating his claim. As such, § 3.156(c) is simply inapplicable to the appellant’s claim.
Moreover, not only does the majority’s interpretation of § 3.156(c) ignore the Secretary’s stated purpose in promulgating the regulation, it results in a circumvention of the statutorily mandated effective date provided by 38 U.S.C. § 5110(a). Pursuant to the statute, the effective date of an award based on a claim reopened after final adjudication “shall not be earlier than the date of receipt of application therefor.” 38 U.S.C. § 5110(a). However, under the majority’s application of § 3.156(c), every PTSD claim finally denied solely because of a lack of a diagnosis and is later reopened on the basis of a current diagnosis is entitled to an effective date potentially relating back to the originally denied claim. This is so because, upon evidence of a PTSD diagnosis, VA must proceed for the first time to attempt to corroborate the in-service PTSD stressors with unit or service records. If corroborating records are recovered, the majority interprets this to *69 trigger the application of § 3.156(c). Applied in this manner, § 3.156(c) performs an unanticipated end-run around section 5110(a) by permitting assignment of an earlier effective date for reopened claims even in the absence of any governmental deficiencies and unavailable records.
Finally, the reason I find § 3.156(c) inapplicable is not because the USASCRUR records in this case were not relevant to the reopening of the appellant’s claim. As noted by the Court at oral argument, the Secretary’s clarifying comments in the Federal Register proposed to remove the “new and material” requirement of § 3.156(c) because, in practice, the relevance of previously unavailable service records to the reopening of a claim does not affect whether VA applies § 3.156(c). See New and Material Evidence, 70 Fed.Reg. at 35,388. Rather, § 3.156(c) does not apply because the USASCRUR records in this case were never unavailable. Accordingly, the Board correctly determined that 38 C.F.R. § 3.400(q)(l)(ii) was the relevant and applicable regulation relating to the proper effective date of the appellant’s reopened PTSD claim. R. at 11. Section 3.400(q)(l)(ii) provides:
(q) New and material evidence (§ 3.516) — (1) Other than service department records — (ii) Received after final disallowance. Date of receipt of new claim or date entitlement arose, whichever is later.
Here, the appellant reopened his PTSD claim with evidence of a current PTSD diagnosis. R. at 84-86. It was only during the appeals process that the PTSD diagnosis was confirmed and VA had a duty to seek corroborating evidence of the appellant’s in-service stressors. USASC-RUR records were obtained after VA’s first request for such records in 1997. R. at 219-41. As these records were never unavailable, § 3.156(c) is inapposite, and the Board properly applied § 3.400(q)(l)(ii) entitling the appellant to an effective date of January 25,1989.
The majority remands this matter to the Board for further development hinging on the possibility that a retrospective examination will show the appellant suffered from PTSD symptoms prior to 1989. However, no amount of further development will render § 3.156(c) applicable to the facts of this case. Whether or not the appellant experienced symptoms prior to 1989 does not alter the fact that VA had no duty to seek USASCRUR records prior to the current reopening because there was no established diagnosis of PTSD before that. Here, after a diagnosis was established, VA sought to confirm the appellant’s stressors and USASCRUR records were recovered subsequent to VA’s first request in 1997. R. at 219-41. For all the reasons stated above, no amount of further consideration or development by the Board will alter the fact that the USASCRUR records were never unavailable during the prior proceeding and a remand is not warranted. See NLRB v. Wyman-Gordon Co., 394 U.S. 759, 766 n. 6, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969) (stating that judicial review of an agency’s action should not be converted into a “ping-pong game” where remand is “an idle and useless formality”). Accordingly, I would affirm the Board’s August 2, 2005, decision.