Paul E. BOOTH, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 91–1099.

United States Court of Veterans Appeals.

March 1, 1993.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, Vietnam veteran Paul E. Booth, appeals from an April 22, 1991, decision of the Board of Veterans' Appeals (BVA or Board) concluding that he had not submitted new and material evidence to reopen his previously and finally denied claim for service-connected disability compensation for post-traumatic stress disorder (PTSD). *Paul E. Booth*, BVA 91–12977 (Apr. 22, 1991). The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The Court will vacate the Board's decision and remand the matter for further development and readjudication.

The veteran's claim for service connection for PTSD was denied by prior final BVA decisions in January 1986 and July 1988. R. at 207–16, 278–85. In those decisions, the Board concluded that the veteran's claimed in-service stressors were not adequately supported by evidence of record and that the diagnoses of PTSD made by Veterans' Administration (now Department of Veterans Affairs) (VA) and private physicians were not adequately supported by findings of PTSD symptomatology. R. at 215, 283–84.

■ Pursuant to 38 U.S.C.A. § 5108 (West 1991), the Secretary must reopen a previously and finally disallowed claim when "new and material evidence" is presented or secured with respect to that claim. *See* 38 U.S.C.A. § 7104(b) (West 1991). The determination as to whether evidence is "new and material" is a conclusion of law which this Court reviews de novo under 38 U.S.C.A. § 7261(a)(1) (West 1991). *See Masors v. Derwinski*, 2 Vet. App. 181, 185 (1992); *Jones (McArthur) v. Derwinski*, 1 Vet.App. 210, 213 (1991); *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). On claims to reopen previously and finally disallowed claims, the BVA must conduct a two-step analysis. *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). First, it must determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". If it is, the Board must then review the new evidence "in the context of" the old to determine whether the prior disposition of the claim should be altered. *Jones*, 1 Vet.App. at 215. "New" evidence is evidence which is not "merely cumulative" of other evidence in the record. *Colvin, supra.* For evidence to be "material", it must be "relevant [to] and probative of the issue at hand" and "there must be a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Ibid.; see Jones, supra.*

■ The Court holds that no new and material evidence has been presented to or secured by VA or the BVA so as to justify reopening the veteran's claim. The evidence received by VA since the prior final denial of the claim in July 1988 consists of the following: A copy of a pay stub from the veteran's service in 1968, which the veteran contends demonstrates his presence on August 29 and 30, 1968, at an Army stockade where a riot took place (R. at 289); his August 1990 sworn testimony before the BVA (R. at 300–23); and an October 1989 statement from a VA psychiatrist that he believes that the veteran suffers from PTSD and that the diagnosis of PTSD is supported by a "recent 2507 exam" (Supp. R. at 2).

The service pay stub is not new and material because the BVA in 1988 concluded that the veteran had been present at the stockade at the time of the riots, but that there was no evidence that he had experienced a life-threatening or other catastrophic stressor at the time of that confinement (R. at 283); therefore, the pay stub does not create a reasonable possibility of changing the outcome of the prior final disallowance. *See Colvin, supra.* The veteran's 1990 sworn BVA testimony and the VA psychiatrist's 1989 PTSD diagnosis are cumulative of the veteran's 1983 sworn testimony before the VA Regional Office (R. at 132–47) and prior PTSD diagnoses by the same VA psychiatrist (R. at 265–68, 273–74). Therefore, those items are not "new" evidence within the meaning of section 5108. *See Colvin, supra.*

Although there was no new and material evidence to justify reopening the veteran's claim, the Court holds that the Board was required, pursuant to VA's statutory duty to assist, to seek to obtain medical records which could constitute new and material evidence. When a claimant submits a well-grounded claim, VA has a duty, under 38 U.S.C.A. § 5107(a) (West 1991), to "assist such a claimant in developing the facts pertinent to the claim." *See Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990) (a well-grounded claim is a "plausible" claim). As to well-grounded claims to reopen previously and finally denied claims where new and material evidence is not presented, the Court has previously found a statutory duty to assist where the evidence before the Board raised sufficient notice of pertinent records which may constitute new and material evidence sufficient to justify reopening a prior claim. *See Ivey v. Derwinski,* 2 Vet.App. 320, 323 (1992); *White v. Derwinski,* 1 Vet.App. 519, 521 (1991); *Ivey,* 2 Vet.App. at 325–30 (Steinberg, J., concurring).

In the present case, the veteran submitted an October 1989 statement from a VA psychiatrist stating that he had diagnosed the veteran with PTSD "based on your continued follow-up and a recent 2507 exam which I feel documents the diagnosis of PTSD." Supp. R. at 2. It appears that the report of the referenced "recent 2507 exam" was not in the record before the Board (the Board made no mention in its 1991 decision of such an examination) and that neither VA nor the BVA sought to obtain a copy of that examination report. In light of the VA psychiatrist's statement that the recent examination "documents" the diagnosis of PTSD, it is plausible that the examination report contains findings sufficient to support a diagnosis of PTSD, and thus may constitute new and material evidence to reopen the veteran's claim. Furthermore, although the BVA in its prior decisions found that there was insufficient evidence of stressors in service, the Court notes that there is some evidence in the record from the U.S. Army and Joint Services Environmental Group tending to corroborate the veteran's reported in-service stressors (R. at 233) and concludes, therefore, that if the VA examiner on the recent examination made findings as to the existence of adequate stressors (as he or she is required to do by 38 C.F.R. § 4.126 (1992) and VA ADJUDICATION PROCEDURE MANUAL, M21–1, Part VI, para. 7.46b(1)) that also support the veteran's claims, the examination report may be sufficient to change the outcome on the issue of the existence of adequate stressors as well as the existence of the requisite PTSD symptomatology.

Accordingly, because the evidence submitted by the veteran placed the Board on notice of the existence of medical evidence which could plausibly be new and material, the Board was required to seek to obtain such medical evidence. *See Ivey,* 2 Vet. App. at 323, 325–30; *White, supra.* Remand is thus required for the Board to seek to obtain the report of the "recent 2507 exam" referred to in the VA psychiatrist's October 1989 letter.

Upon consideration of the record, the appellant's informal brief, and the Secretary's motion for summary affirmance, the Court denies the Secretary's motion, summarily vacates the April 22, 1991, BVA decision, and remands the record to the Board for prompt further development consistent with this decision. Upon completion

of such development, the Board shall readjudicate the claim on the basis of all applicable law and regulation and under the criteria set forth in this Court's opinions in *Manio* and its progeny. *See* 38 U.S.C.A. §§ 5108, 7104(a), (b), (d)(1) (West 1991). On remand, the appellant will be free to submit additional evidence and argument. *See Quarles v. Derwinski*, 3 Vet.App. 129, 141 (1992). The Court retains jurisdiction. The Secretary shall file with the Clerk (as well as serve upon the appellant) a copy of any Board decision on remand. Within 14 days after the filing of any such final decision, the appellant shall notify the Clerk whether he desires to seek further review by the Court.

VACATED AND REMANDED.