**Paul E. BOOTH, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–1099.**

United States Court of Veterans Appeals.

Aug. 7, 1995.

Theodore D. Peyser, New York City, was on the brief for appellant.

Mary Lou Keener, Gen. Counsel; Norman G. Cooper, Asst. Gen. Counsel; David W. Engel, Deputy Asst. Gen. Counsel; and Ralph G. Davis, Washington, DC, were on the brief for appellee.

Before FARLEY, MANKIN, and STEINBERG, Judges.

STEINBERG, Judge, filed the opinion of the Court. FARLEY, Judge, filed a concurring opinion.

STEINBERG, Judge:

The appellant, Vietnam-era veteran Paul E. Booth, appeals a May 18, 1994, Board of Veterans' Appeals (BVA or Board) decision finding that new and material evidence had not been submitted to reopen a claim for service connection for post-traumatic stress disorder (PTSD). Record (R.) at 4–5. Both parties filed briefs. The appellant's request for oral argument (Brief (Br.) at 1) is denied because the Court does not believe that oral argument would materially assist in the disposition of this appeal. For the reasons that follow, the Court will vacate the Board decision and remand the matter.

## I. Background

The veteran served on active duty from January 1967 to December 1968. R. at 4. The Board denied entitlement to service connection for PTSD in January 1986 and July 1988 decisions. *Ibid.* An October 1989 statement from a Department of Veterans Affairs (VA) psychiatrist, Dr. Hall, referred to a "recent" VA Form 2507 examination report which he felt "document[ed] the diagnosis of PTSD". R. at 56. An April 1991 BVA decision concluded that the appellant had not submitted new and material evidence to reopen his PTSD claim. R. at 21–26.

That decision was appealed to this Court, and in a 1993 memorandum decision the Court vacated the BVA decision and, under *Ivey v. Derwinski,* 2 Vet.App. 320, 323 (1992), remanded the matter for the Secretary to "seek to obtain the report of the 'recent 2507 exam' referred to in the VA psychiatrist's October 1989 letter" and then to "readjudicate the claim on the basis of all applicable law and regulation and under the criteria set forth in this Court's opinions in *Manio [v. Derwinski,* 1 Vet.App. 140 (1991),] and its progeny." *Booth v. Brown,* 4 Vet.App. 280, 282–83 (1993) (mem. dec.). The Court provided that on remand "the appellant will be free to submit additional evidence and argument." *Id.* at 283. The Court expressly held that "no new and material evidence has been presented to or secured by VA or the BVA so as to justify reopening the veteran's

claim.... since the prior final denial of the claim in July 1988". *Id.* at 281. The Court retained jurisdiction and ordered the Secretary to file with the Clerk of the Court and serve upon the appellant a copy of any Board decision on remand. *Id.* at 283. No judgment was entered.

An April 19, 1993, letter to the appellant from the office of the BVA Chairman stated that the appellant "may submit additional argument" if received by the BVA "within 30 days of the date of this letter". R. at 32. The veteran's service representative notified the BVA Chairman's office on May 7, 1993, that "no additional arguments are made at this time." R. at 34. The BVA remanded the claim to a VA regional office (RO) in an August 1993 decision to "obtain the 'recent 2507 exam' referred to by the VA psychiatrist in a statement dated on October 3, 1989". R. at 52. A September 15, 1993, VA Form 10–7131 addressed to the VA Medical Center (VAMC) at Roseburg, Oregon, and signed by an RO official requested a "1989 2507 exam copy" and in the "remarks" section stated: "Remanded case—please see attached remand [and] Dr. letter referred to in remand, please submit copy of exam or respond in writing if not available." R. at 49. An October 26, 1993, RO cover letter to a Supplemental Statement of the Case (SSOC) indicated that the veteran could submit "any comment [he] wish[ed] concerning the additional information in the enclosed [SSOC]." R. at 60. The SSOC indicated that a "request was sent to the [VAMC] requesting a copy of a 1988 examination that was referred to by the VA psychiatrist in a statement dated October 3, 1989[,]" and that a letter "was received from the [VAMC] stating that they are not able to find any records for a 'recent 2507 examination' in 1989." R. at 62. An October 1993 letter from the VAMC stated that "we have reviewed all of [the veteran's] medical records and have not been able to find a 2507 exam done in 1989. If an exam does exist it would be in his Claims folder." R. at 47.

In June 1994, the Secretary filed a copy of the Board's May 18, 1994, decision on remand. The Court ordered the appellant to advise the Court if he sought further review,

and on July 8, 1994, the appellant filed a statement of issues for further review.

In the May 18, 1994, BVA decision here for review following remand, the Board stated that it had "reviewed and considered all of the evidence and material of record in the veteran's claims files" and that "[b]ased on its review of the relevant evidence in this matter ... it is the decision of the Board that the veteran has not submitted new and material evidence to reopen his claim for service connection for PTSD." R. at 4–5. The Board summarized its 1986 and 1988 decisions and noted that they were final and that "no additional evidence [has been] added to the record subsequent to the Court's review of the prior Board decision". R. at 6–7. The BVA noted that on remand the RO had not located any "recent" Form 2507 and that "the most recent VA examination report, VA Form 2507, is dated June 1984, and it does not contain a diagnosis of PTSD." *Ibid.* The BVA also stated that the RO had "contacted the [VAMC] and requested a copy of the examination report referred to by the VA psychiatrist" and that the response from the VAMC had stated that it was "unable to locate a report of [a] VA examination done in 1989, and that any examination report would be located in the claims folder." *Ibid.* Finally, the BVA, noting that the Court had ordered the Board to "readjudicate the claim", examined the evidence submitted since the last final BVA decision in 1988, concluded that that evidence was not new and material, and therefore did not reopen the claim. R. at 8.

## II. Analysis

### A. PTSD Claim

The BVA first disallowed the veteran's claim for service connection for PTSD in 1988. The Court's March 1993 memorandum decision remanded the claim for the Secretary to seek to obtain the "recent" Form 2507 referred to in the psychiatrist's October 1989 report. The October 1993 response from the VAMC to the RO's request for a "1989" Form 2507 stated that the VAMC was not able to locate a "2507 exam done in 1989" and that if any such examination report existed "it would be in his Claims folder". R. at 47. The BVA remand decision, however,

had ordered the RO to seek the "'recent 2507 exam' referred to by the VA psychiatrist in a statement dated on October 3, 1989", R. at 52, and referred to by the Court as the basis for the Court's remand to the Board, *see Booth,* 4 Vet.App. at 282. The RO should not have limited its instruction to the VAMC to seek only a Form 2507 completed in 1989. In referring to a "recent" Form 2507, the VA psychiatrist could have been referring to one dated before 1989.

■ The Court holds that the Secretary did not adequately carry out the Court's direction in remanding this case, because the RO's instructions to the VAMC did not accurately reflect the BVA's remand instructions to the RO or this Court's remand directions to the BVA. Therefore, the Court will again remand the case to the BVA to seek the "recent 2507 exam" referred to by the VA psychiatrist. The BVA should contact Dr. Hall to determine if he can provide further information as to the examination report. If that examination report cannot be located, VA should offer the veteran an opportunity for a current medical examination for PTSD. *See Ivey, supra* (Court ordered VA to obtain opinion from VA physician). Additionally, the Board should obtain copies of any official reports regarding the Long Binh Stockade riot.

■ On a claim to reopen a previously and finally disallowed claim, the BVA must conduct a "two-step analysis" under section 5108. *Manio,* 1 Vet.App. at 145. First, it must determine whether the evidence presented or secured since the prior final disallowance of the claim is new and material "when viewed in the context of all the evidence, both new and old", *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991), and when "the credibility of the [new] evidence" is presumed, *Justus v. Principi,* 3 Vet.App. 510, 513 (1992). If the evidence is new and material, the Board must then review it on the merits "in the context of the other evidence of record" to determine whether the prior disposition of the claim should be altered. *Jones (McArthur) v. Derwinski,* 1 Vet.App. 210, 215 (1991).

The Court has synthesized the applicable law as follows:

"New" evidence is that which is not merely cumulative of other evidence of record. "Material" evidence is that which is relevant to and probative of the issue at hand and which, as this Court stated in *Colvin, supra* ... [is such] ... (assuming its credibility) that there is a reasonable possibility that ... when viewed in the context of all the evidence, both new and old, [it] would change the outcome.

*Cox (Billy) v. Brown,* 5 Vet.App. 95, 98 (1993). A Board determination as to whether evidence is "new and material" is a question of law subject to de novo review by this Court under 38 U.S.C. § 7261(a)(1). *See Masors v. Derwinski,* 2 Vet.App. 181, 185 (1992); *Jones,* 1 Vet.App. at 213; *Colvin, supra.*

After the further evidentiary development required by this opinion has been made, the BVA should readjudicate the claim on the basis of all applicable law and regulation. The Court notes that the May 1994 BVA decision here on appeal cited a superseded definition of a stressor. *See* R. at 8. On remand, the BVA should apply the current definition of a stressor, *see* 38 C.F.R. § 3.304(f) (1994); VA ADJUDICATION PROCEDURE MANUAL, M21-1, Part VI, para. 7.46b.(1), e., f., in following the *Manio, supra,* two-step analysis.

On remand, the appellant is free to submit additional evidence and argument, *see Quarles v. Derwinski,* 3 Vet.App. 129, 141 (1992), and should be specifically so informed by the Secretary. The Court notes that on remand from the Court's March 1993 memorandum decision the BVA Chairman advised the veteran that he could submit additional "argument" (R. at 32), and the SSOC noted that he could submit additional "comment" (R. at 60), but he was not notified that he could submit additional "evidence".

## B. Pension Claim

In the Secretary's February 21, 1995, brief, he moved the Court to remand the appellant's claim to the BVA for proper adjudicative action on the issue of the veteran's eligibility for VA non-service-connected pension under chapter 15 of title 38, U.S.Code, because the appellant "has alleged throughout this appeal that his various disabilities, some of which are non[-]service-connected disabilities, have rendered him unemployable". Br. at 20. *See, e.g.,* Record on Appeal in *Booth, supra,* at 117. The remand herein ordered will give the Secretary the opportunity to address this issue.

## III. Conclusion

On consideration of the record and the pleadings of the parties, the Court vacates the May 18, 1994, BVA decision and remands the matter for expeditious further development and for expeditious readjudication thereafter—all consistent with this opinion and in accordance with section 302 of the Veterans' Benefits Improvements Act, Pub.L. No. 103–446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" for claims "remanded" by BVA or the Court); the February 16, 1995, Memorandum from J. Gary Hickman, Director, Compensation and Pension Service, to Director, VAROs, submitted in *Bond v. Brown,* U.S. Vet.App. No. 93–146 (notifying RO Directors of "Priority Handling of Remanded Appeals by the Court of Veterans Appeals or the [Board]" and requiring that "[a]djudication management ... ensure that all Court/BVA remanded cases are properly and timely handled upon receipt"); and VA ADJUDICATION PROCEDURE MANUAL, M21–1, Part IV, paras. 38.02, 38.03 (providing for BVA and ROs to follow flagging procedure to afford "[s]pecial handling ... for all cases remanded by the Court"). *See* 38 U.S.C. §§ 5107(a), 5108, 7104(b); *Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991). A final decision by the Board following the remand herein ordered will constitute a new decision which, if adverse, may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of that new decision is mailed to the appellant.

VACATED AND REMANDED.

FARLEY, Judge, concurring:

Both the earlier single-judge decision in this matter, *Booth v. Brown,* 4 Vet.App. 280

(1993), (mem. dec.), and today's panel decision are in keeping with the precedential decisions of this Court in *White v. Derwinski,* 1 Vet.App. 519 (1991) and *Ivey v. Derwinski,* 2 Vet.App. 320 (1992) and therefore I am compelled to concur. Nevertheless, I do so begrudgingly because I continue to believe that *White* and *Ivey* cannot be squared with 38 U.S.C. § 5107(a). *See Counts v. Brown,* 6 Vet.App. 473, 480–83 (1994) (Farley, J., concurring). In my view, once the Court determined in 1993 that this appellant had not submitted new and material evidence, there was nothing to remand; 38 U.S.C. § 5107(a) did not impose upon the Secretary a duty to assist this appellant because his finally-denied claim was not reopened. *See* 38 U.S.C. § 5108. To the extent that our duty-to-assist jurisprudence under *White* and *Ivey* appears to the contrary, I again "respectfully suggest to our bench and bar that the emperor we have created has no statutory clothes." *Id.* at 483.