Citation Nr: 1546221 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 10-38 197 ) DATE
 )
 )

Received from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to an apportionment of the Veteran's disability compensation benefits in excess of $147 per month.


REPRESENTATION

Appellant represented by: Pro se
Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

David A. Brenningmeyer, Counsel


INTRODUCTION

The Veteran served on active duty from January 1966 to January 1970. The appellant is his former spouse. Although she and the Veteran divorced in 2014, they had been married since August 1984.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a December 2009 decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Buffalo, New York, which granted the appellant an apportionment of the Veteran's disability compensation benefits in amount of $147.00 per month. The appellant appealed, seeking a greater amount. During the pendency of the appeal, the case was transferred to the jurisdiction of the RO in Nashville, Tennessee.

This case was previously before the Board in March 2014, when it was remanded to the agency of original jurisdiction (AOJ) for additional development. While the case was in remand status, the appellant and the Veteran divorced. After taking further action, the AOJ discontinued the appellant's apportionment, effective September 16, 2014; confirmed and continued the prior decision with respect to the amount of the apportionment prior to that date; and returned the case to the Board.

In September 2015, the appellant filed a notice of disagreement (NOD). Although she filed the NOD in response to a September 1, 2015 letter from the AOJ informing her that her apportionment had been discontinued due to her divorce, it appears from the overall context of the NOD, including the attachments, that her intent was to express her continued disagreement with the amount of the apportionment she had been receiving prior to her divorce, and not to initiate an appeal with respect to the discontinuance itself. If this is incorrect, she should notify the AOJ so that appropriate action can be taken.

This appeal is now being processed using the paperless, electronic Veterans Benefits Management System (VBMS) and Virtual VA claims processing systems.

For the reasons set forth below, this appeal is again being remanded to the AOJ. VA will notify the appellant and/or the Veteran if further action is required on their part.


REMAND

When this case was remanded in March 2014, the Board requested, among other things, that the AOJ furnish the Veteran the content of the appellant's substantive appeal, as required by procedures applicable to contested claims. See 38 C.F.R. § 19.102. The evidence shows that the AOJ has since notified the Veteran of the facts that the appellant filed a substantive appeal, and that she did not request a hearing. See AOJ letter to the Veteran dated in March 2014. However, the AOJ has not provided the Veteran the content of the appellant's substantive appeal, in terms of the statements she made therein pertaining to her income and expenses. This needs to be corrected. Stegall v. West, 11 Vet. App. 268, 271 (1998).

In April 2014, the appellant submitted updated information with respect her financial status, including a VA Form 21-0788 (Information Regarding Apportionment of Beneficiary's Award). Although it appears from the face of the facsimile that she submitted a total of six pages to the AOJ, only five of those pages are in evidence: The second part (page 2) of her VA Form 21-0788, pertaining to her monthly expenses at that time, is not of record. Inasmuch as the missing information could bear on the outcome of her appeal, she should be given an opportunity to resubmit it.

In April 2014, the Veteran submitted a VA Form 21-0788 wherein he appeared to indicate, among other things, that he was still contributing $825.00 toward the appellant's monthly rent, in addition to the $147.00 monthly apportionment she received. Significantly, however, the appellant has reported that the Veteran has not contributed to her (and her daughter's) rent since approximately June 2013. In light of this apparent conflict, the Veteran should be asked to clarify the information he has provided. The Veteran should also be asked to clarify the purpose of the $500.00 money order he apparently made out to the appellant in September 2013, as reflected by a copy of a receipt he submitted with his VA Form 21-0788 in April 2014.

The Veteran has on multiple occasions reported that he and his wife divorced in May 2014. See VA Forms 27-0820 (Report of General Information) dated in May 2014 and November 2014. The appellant, on the other hand, has reported that the marriage ended in September 2014. See VA Forms 27-0820 dated in September 2014 and October 2014. The record contains a copy of a Judgment of Divorce from the State of New York Supreme Court (Court), dated in August 2014, which provides, in part, that the Judgment will become final upon its being filed with the Orleans County Clerk's Office. The record also contains a submission to the Court from the attorney who represented the appellant in the divorce proceeding, indicating that the Judgment was entered on September 16, 2014. However, there is nothing in evidence from the Court to corroborate that. Inasmuch as the correct ending date of the marriage is relevant to the period under consideration in the present appeal, additional development is warranted.

The AOJ arranged to have the Veteran's paper claims file scanned into VBMS in July 2014. In the process of scanning the file, the VA Form 646 (Statement of Accredited Representative in Appealed Case) submitted by the Veteran's representative in September 2012 was partially obliterated. On remand, the AOJ should arrange to have that corrected.

Finally, the Board notes that the appellant submitted additional evidence in support of her appeal after the AOJ last reviewed the case in June 2015. Although the Veteran has waived AOJ consideration of the additional evidence, the appellant has not. See 38 C.F.R. § 20.1304(c). The AOJ will have an opportunity to review that evidence on remand.

For the reasons stated, this case is REMANDED for the following actions:

1. Notify the Veteran of the content of the appellant's substantive appeal, in terms of the statements she made therein pertaining to her income and expenses (i.e., that her only income at that time was $718 per month, and that her monthly expenses exceeded $3053.61).

2. Ask the Veteran to clarify whether and to what extent his contribution to the appellant's rent continued beyond June 2013, and to also clarify the purpose of the $500.00 money order he apparently made out to the appellant in September 2013, as reflected by a copy of a receipt he submitted with his VA Form 21-0788 in April 2014. His response(s), and additional evidence received, should be associated with the record.

3. Notify the appellant that the second part (page 2) of the VA Form 21-0788 she submitted in April 2014, pertaining to her monthly expenses at that time, is not of record, and offer her an opportunity to resubmit it. Her response(s), and additional evidence received, should be associated with the record.

4. Ask the clerk of the State of New York Supreme Court, Orleans County, to certify the date that the appellant's Judgment of Divorce became final. The Court's response, and any additional evidence received, should be associated with the record.

5. Arrange to have the VA Form 646 (Statement of Accredited Representative in Appealed Case) submitted by the Veteran's representative in September 2012 re-scanned and inserted into its proper position in VBMS.

6. After completing the above, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the matter on appeal should be readjudicated based on the entirety of the evidence. If the benefit sought remains denied, the Veteran, his representative, and the appellant should all be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

Thereafter, the case should be returned to this Board for further appellate review, if otherwise in order. No action is required by the appellant or the Veteran until she or he receives further notice, but she or he may furnish additional evidence and argument while the case is in remand status. Kutscherousky v. West, 12 Vet. App. 369 (1999); Booth v. Brown, 8 Vet. App. 109 (1995); Quarles v. Derwinski, 3 Vet. App. 129, 141 (1992). The purposes of this remand are to procure clarifying data and to comply with governing adjudicative procedures. The Board intimates no opinion, either legal or factual, as to the ultimate disposition of this appeal.

This matter must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of this appeal. 38 C.F.R. § 20.1100(b) (2015).